## No. 465

## AMSTERDAM CAS. CO. v. NADLER

No. 19766. Supreme Court

On motion to certify. Dock. Apr. 10, 1926.

647. INSURANCE—Where the insured is sued by the husband of the one injured in an automobile collision for loss of service etc. may such husband compel the insurance company who issued a liability policy to the negligent party to pay the judgment under 9510-4 GC.?

It appears that Yetta Nadler was injured through the negligence of her son while riding in his automobile. The son, Charles Nadler was the holder of an insurance policy issued by the Company protecting him from liability arising from the operation of his automobile. Abraham Nadler, father of Charles Nadler sued his son for loss of service etc. of his wife, Yetta Nadler and received a judgment of $2,500.

This action was brought originally in the Mahoning County Common Pleas by Abraham Nadler under 9510-4 GC. against New Amsterdam Casualty Company and Charles Nadler to enforce against the insurance company the lien of the judgment.

9510-4 GC. provides as follows:

"Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

The Casualty Company filed a general demurrer to the petition on the ground that under 9510-4 GC. facts were not stated to constitute a cause of action. The ruling of the trial court in sustaining the demurrer was affirmed by the Appeals.

The Casualty Co., in the Supreme Court, contends:

1. That 9510-4 GC. gives the right to proceed against the insurance company only to one who has suffered loss or damage "on account of a bodily injury".

2. That 9510-4 GC. was enacted solely for the benefit of the physically injured person who received the "bodily injury" in the accident.

3. That 9510-4 GC. will not permit a recovery for loss of service etc. but only for a "Bodily injury".

Attorneys—Carlyle & George for Co.; John Ruffalo for Abraham Nadler; Nicholson & Warnock for Charles Nadler; all of Youngstown.

---

## No. 466

## STATE ex HESSON v. IND. COMM.

No. 19749. Supreme Court

In Mandamus. Dock. April 5, 1926.

747. MANDAMUS—May the Industrial Commission be forced to pay interest on a judgment rendered against it on a claim of an injured party entitled to compensation under the Workman's Compensation Act?

This action was begun in the Ashland Common Pleas by the State of Ohio ex rel Clara Hesson against the Industrial Commission, being an appeal from a finding by the Commission.

Petition alleges that, on the 16th day of June, 1924, by the consideration of Ashland Common Pleas, the relator obtained a judgment against The Industrial Commission in the sum of $5850.00, with interest from the Fifth day of May, 1924 at 6%, which judgment is in full force and unpaid except for the sum and amount of $5850.00, a part of which was paid on the 30th day of March, 1925, and the remainder of which is being paid in proper monthly installments as provided in and by the said judgment and order. But the interest provided for in said judgment and order has never been paid, and there is now due the relator on the said item of interest the sum of $334.96.

The Industrial Commission have refused to pay the said item of interest. The Industrial Commission has no property liable by law to the levy of an execution on said judgment sufficient to satisfy the same. Said defendant has funds sufficient and legally liable to pay the claim of the relator, and has moneys which may be lawfully used for such purpose.

Hesson, in the Supreme Court, contends that the item of interest is a part of the judgment and therefore binding upon the Commission.

Attorneys—J. L. Mason, Ashland, for Relator; C. C. Crabbe, Columbus, for Industrial Commission.